300 So.2d 313 (1974)
William Edmund DeMAUPASSANT and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Billie EVANS, Appellee.
No. T-1.
District Court of Appeal of Florida, First District.
September 17, 1974.
W.C. O'Neal and John H. Haswell, of Chandler, O'Neal, Gray, Lang & Stripling, Gainesville, for appellants.
Tony Cunningham, of Wagner, Cunningham, Vaughan, Hapmer & May, Tampa, Robert Orseck, of Podhurst, Orseck & Parks, Miami, for appellee.
BOYER, Judge.
Consideration of the record on appeal, the briefs and oral argument of respective counsel in this cause fails to convince us that reversible error occurred in the trial of this personal injury action.
The primary issue raised by appellant is that the verdict rendered by the jury is excessive. We must reject that contention when we view the evidence adduced on the issue of damages in light of the principles expounded in this court's decision in St. Vincent's Hospital, Incorporated v. Crouch, Fla.App. 1st 1974, 292 So.2d 405.
*314 We also find that the remaining questions raised on this appeal are without merit.
However, we do think that this case raises an issue which should be considered by the Supreme Court of Florida when it next undertakes a revision of the Rules of Civil Procedure. But for the specific provision of Rule 1.420(a)(1) we would be of the view that the judgment in favor of plaintiff here appealed should be reversed.
This case arises out of a collision between a taxi cab in which plaintiff was the passenger and a vehicle driven by appellant William Edmund DeMaupassant and insured by appellant State Farm Mutual Automobile Insurance Company. Plaintiff initially filed suit against appellants, the taxi company and the cab driver. The case proceeded to trial against all of those defendants. During closing arguments the plaintiff's attorney as well as the attorneys for the taxi cab company and the cab driver laid the blame for the accident on appellant William Edmund DeMaupassant. Then after the defendants finished their closing arguments, the plaintiff's attorney, on "rebuttal" announced to the jury and to the trial judge simultaneously that a non-suit was being taken pursuant to the above mentioned rule as to the taxi cab company and as to the taxi driver, thus leaving only appellants to take the brunt of the jury's decision.
Rule 1.420(a)(1) Florida Rules of Civil Procedure, specifically provides that a non-suit (or voluntary dismissal) may be taken by a plaintiff without order of court by stating on the record during trial a notice of dismissal at any time before retirement of the jury. We cannot be critical of plaintiff's attorney for taking tactical advantage of the rule. However, as the rule was applied in the case sub judice it is easy to see how an injustice might result. Therefore, although we find it difficult to recommend that this case be reversed on a procedural ground when the rule has clearly been followed, nevertheless we feel that the rule should be changed to prevent voluntary dismissals, without order of court, of co-defendants at the end of a trial after they have had an opportunity to "heap it on" the remaining defendant or defendants.
Being unhappy with the rule above mentioned and discussed, but finding no reversible error, the judgment appealed is
Affirmed.
SPECTOR, Acting C.J., and McCORD, J., concur.