314 So.2d 578 (1975)
Patricia FEARS, Petitioner,
v.
Muriel Booth LUNSFORD and the Insurance Company of North America, Respondents.
No. 45834.
Supreme Court of Florida.
June 11, 1975.
J. Ben Watkins of Watkins, Hill & Marts, Tallahassee, for petitioner.
John N. Boggs of Barron, Redding, Boggs & Hughes, Panama City, for respondents.
DREW, Justice (Retired).
There is conflict, which vests this Court with jurisdiction, between the majority opinion of the First District Court of Appeal in the instant case[1] and prior decisions of the Fourth District Court of Appeal. The conflict of those decisions appears in the clear and concise dissent of Judge McCord in the decision below:
"While I do not consider that a plaintiff should have the right to take a voluntary dismissal after the trial judge has announced, out of the jury's presence, that a defendant's motion for a directed verdict will be granted, I am of the opinion that Rule 1.420(a)(1) Florida Rules of Civil Procedure, 30 F.S.A., gives him that right. The trial judge in this case also apparently considered appellant *579 had such right as he granted [her] motion for voluntary dismissal. The rule in pertinent part provides as follows:
"`... an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision... . Unless otherwise stated in the notice ... the dismissal is without prejudice... .' (Emphasis supplied.)
"This case was tried before a jury and appellant stated on the record [her] notice of dismissal before retirement of the jury. Thus, in my opinion the previous announcement by the court that it would grant the motion for directed verdict is not res judicata to this action. See Meyer v. Contemporary Broadcasting Company, Fla.App., 207 So.2d 325 (1968). It appears that the point of no return is reached when the judge announces the directed verdict to the jury. Up to that time, plaintiff can take a voluntary dismissal."
The Meyer case, cited in the dissent, was decided in 1968 by the Fourth District Court of Appeal and was followed by that court in 1970 in Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla.App. 4th 1970). In the Rich case, the court quoted Florida Rule of Civil Procedure 1.420(a)(1) (identical to former Rule 1.35(a)(1) discussed in the Meyer case) and held that plaintiff's right to take a voluntary dismissal (formerly a nonsuit) was absolute and without the necessity of a court order.[2]
The rule is specific on this point. It states in unusual language, "the action may be dismissed by plaintiff without order of court" by (1) service before trial or (2) stating on the record a notice of dismissal. No action is required by the court under the rule. Hence, a statement by the court that the notice is approved, or a motion to dismiss, if made, is granted, adds nothing to the finality of the dismissal. The only remaining action required by the court contemplated by the rule would be to advise the jury thereof in a jury case.[3]
Subsequent to the First District's decision in the instant case, a different panel of the same court held in DeMaupassant v. Evans, 300 So.2d 313 (Fla.App. 1st 1974), directly contrary to the cause now before us. We hold that the plaintiff's right to take a nonsuit or voluntary dismissal is absolute. The DeMaupassant v. Evans, supra, decision correctly disposes of the question and is fully consistent with the decisions of the Fourth and Third Districts and the opinion of this Court.
The decision of the First District in the case before us is quashed, and this cause is remanded for proceedings consistent herewith.
ADKINS, C.J., and LEE, Circuit Judge, concur.
OVERTON, J., concurring with opinion, with which DREW, J. (Retired), concurs.
ENGLAND, J., dissents with opinion.
OVERTON, Justice (concurring).
I concur in the opinion by Mr. Justice Drew. I do not agree with the rule of procedure as it is written, because of the type *580 of result that has occurred in the instant case. However, this is what was intended by the rule. If we desire to make a change, we should do so in the rule.
DREW, J., (Retired), concurs.
ENGLAND, Justice (dissenting).
I disagree with the majority's decision to quash the decision of the First District Court of Appeal in this case. The point brought to us for review involves the construction of a trial rule which grants to plaintiffs the right to dismiss their own lawsuits before their claims have been adjudicated, without court approval and without prejudice to a reinstitution of the same lawsuit at a later date.[1]
The Rule does not specifically mention directed verdicts. As I understand the general purport of the Rule, it contemplates that a plaintiff can voluntarily dismiss his own lawsuit before the jury retires to resolve facts or before the judge rules against him on points of law.[2] For purposes of allowing the plaintiff a second day in court on the same cause of action, I see no distinction between commencement of a summary judgment hearing and the "submission of a nonjury case to the court for decision," on the one hand, and the granting of a motion for directed verdict on the other.[3] The latter event, which is not expressly mentioned in the Rule, even more clearly than the former events, which are mentioned in the Rule, marks a point which separates the fact-finding process from the court's domain of pronouncing the law.
The district court's majority opinion in this case adequately articulates the policy reasons for denying plaintiff a new trial after the judge has granted a motion for directed verdict. I read this Court's majority opinion to mean that the language of our rule authorizes a re-litigation of an issue already tried and found wanting as a matter of law.[4] I fail to see such an authorization in either the language or the rationale of the Rule.[5]
NOTES
[1] Fears v. Lunsford, 295 So.2d 323, 325 (Fla.App. 1st 1974).
[2] The notice of dismissal must be stated in the record before a hearing on motion for summary judgment or before the retirement of the jury in a jury case or submission of a nonjury case to the court.
[3] Modular Construction, Inc. v. Owen, 270 So.2d 753 (Fla.App.3d 1972).
[1] Fla.R.Civ.P. 1.420(a)(1), 30 Fla. Stat. Ann. 462-63.
[2] The Rule specifically requires that a voluntary dismissal must be served or stated on the record before a hearing on motion for summary judgment. The Author's Comments accompanying the Rule state that a strong showing is required to support a voluntary dismissal "after a plaintiff has rested and a defendant has moved for a directed verdict." 30 Fla. Stat. Ann. 467 (emphasis added). Together these suggest to me that the privilege of starting over is certainly not intended to be available where the judge has ruled as a matter of law that the plaintiff's evidence is insufficient to go to the jury.
[3] Motions for summary judgments and directed verdicts require the same judicial evaluation of factual allegations. See Chowning v. Pierce, 174 So.2d 42 (3d Dist.Ct.App. Fla. 1965).
[4] A motion for directed verdict is granted only when plaintiff's case is essentially devoid of probative evidence. McCabe v. Watson, 225 So.2d 346 (3d Dist.Ct.App.Fla. 1969), cert. denied, 232 So.2d 739 (Fla. 1970); Deese v. White Belt Dairy Farms, Inc., 160 So.2d 543 (2d Dist.Ct.App.Fla. 1964).
[5] If a motion for directed verdict is granted at the end of plaintiff's case, whether in a jury or nonjury case, the case has been submitted to the court for decision. The ruling of the court ends the litigation as a matter of law. For example, if the wife's right to consortium had been the only issue in the first lawsuit between these parties, as it is in the one now before us, I believe the case would have been concluded when the trial court granted defendant's motion for a directed verdict. I cannot believe a voluntary dismissal would have been permitted under those circumstances, even though the jury had not been directed to perform the ritual of signing and rendering the verdict for defendant. It therefore seems irrelevant to the defendant's rights and to a proper result here that, by happenstance, other unrelated issues were required to go to the jury after the trial judge granted defendant's motion on this issue. In this case, the jury had no discretion to find facts supportive of the wife's right to consortium.