375 So.2d 621 (1979)
Alfredo GONZALEZ, Appellant,
v.
Patricia Ann MULREANY, Appellee.
No. 79-728.
District Court of Appeal of Florida, Third District.
October 9, 1979.
A. Koss and Theodore M. Goldberg, Coral Gables, for appellant.
Lane, Mitchell & Harris and Howard M. Bernstein, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
PEARSON, Judge.
Appellant Alfredo Gonzalez was the plaintiff below. Upon the completion of the plaintiff's case, the defendant moved for a directed verdict. The court announced, "I am going to direct a verdict." Immediately thereafter, the plaintiff took a voluntary dismissal pursuant to Fla.R.Civ.P. 1.420(a)(1). The trial court then entered its judgment for the defendant.
The Supreme Court of Florida, in Fears v. Lunsford, 314 So.2d 578 (Fla. 1975), has interpreted the identical rule as follows:
"The rule is specific on this point. It states in unusual language, `the action may be dismissed by plaintiff without order of court' by (1) service before trial or (2) stating on the record a notice of dismissal. No action is required by the court under the rule. Hence, a statement by the court that the notice is approved, or a motion to dismiss, if made, is granted, adds nothing to the finality of the dismissal. The only remaining action required by the court contemplated by the rule would be to advise the jury thereof in a jury case."
The plaintiff having taken a voluntary dismissal, the trial court had no further authority to enter a judgment in the case.
The judgment appealed is reversed.
Reversed.