442 So.2d 1087 (1983)
Rita E. AMBORY, Jacqueline A. Ambory, and Donald E. Ambory, Who Sues by His Next Friend and Guardian, Rita E. Ambory, Appellants,
v.
Vivian L. AMBORY, Appellee.
No. 83-640.
District Court of Appeal of Florida, Second District.
December 21, 1983.
Daniel D. Peck of Peck & Peck, Naples, for appellants.
Michael J. Volpe of Monaco, Cardillo, Keith & Volpe, Naples, for appellee.
BOARDMAN, Judge.
Appellants appeal a final order entered by the trial court dismissing with prejudice their amended complaint. We reverse.
After a hearing held on February 14, 1983, on appellee's motion to dismiss, the trial judge orally announced that he was granting the motion. The next day the attorney for appellee received a letter from appellants advising that they had filed a notice of voluntary dismissal. On March 1, 1983, the trial court entered its formal order dismissing the cause with prejudice.
Appellants contend, and correctly, that it was error for the trial court to take any further action after the notice of voluntary dismissal was filed. A strict interpretation of Rule 1.420(a)(i), Florida Rules of Civil Procedure, supports their contention as does the applicable case law. See Gonzalez v. Mulreany, 375 So.2d 621 (Fla. 3d DCA 1979) (wherein our sister court relied on the Florida Supreme Court's interpretation of Rule 1.420 in Fears v. Lunsford, 314 So.2d 578 (Fla. 1975)). In Fears the court held:

*1088 The rule is specific on this point. It states in unusual language, "the action may be dismissed by plaintiff without order of court" by (1) service before trial or (2) stating on the record a notice of dismissal. No action is required by the court under the rule. Hence, a statement by the court that the notice is approved, or a motion to dismiss, if made, is granted, adds nothing to the finality of the dismissal. The only remaining action required by the court contemplated by the rule would be to advise the jury thereof in a jury case.
Id. at 579.
Accordingly, the order appealed is REVERSED.
OTT, C.J., and DANAHY, J., concur.