523 So.2d 606 (1988)
Lewis B. FREEMAN and Eddi Ann Freeman, Appellants,
v.
Al MINTZ and Coldwell Banker-Klock Company f/k/a Klock Company, Appellees.
Nos. 85-1725, 85-2533 and 86-417.
District Court of Appeal of Florida, Third District.
February 9, 1988.
On Motion for Rehearing May 3, 1988.
*607 Haddad, Josephs & Jack and Denise V. Powers, Coral Gables, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Kathy M. Klock, Miami, for appellee Mintz.
Steel, Hector & Davis and Gerry S. Gibson, Miami, for appellee Coldwell Banker.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The Freemans purchased a house in Coconut Grove from Al Mintz. Mintz represented to the Freemans that the house, built in the 1920's, had been fully renovated. *608 After moving into the house the Freemans discovered that it needed extensive repairs. They filed suit against Mintz alleging breach of contract, breach of warranty, fraud, and misrepresentation. The complaint was amended to add the broker, Coldwell Banker, as a defendant to the fraud and misrepresentation count on allegations that Coldwell failed to disclose material latent defects in the house.
This is a consolidated appeal from three orders of the trial court: (1) an order granting Coldwell Bankers's motion for involuntary dismissal, (2) an order striking the Freemans' amended complaint against Mintz and denying the Freemans leave to further amend, and (3) an order granting a default judgment against the Freemans on Mintz's counterclaim for foreclosure.
The plaintiffs' second amended complaint pleaded three counts. Counts I and II were claims for breach of contract and warranty against Mintz and count III was entitled "Fraud  all Defendants". Mintz responded to the second amended complaint with general denials and with a counterclaim seeking to foreclose a purchase money mortgage he had taken back from the Freemans. Coldwell Banker moved to dismiss.
The court dismissed the second amended complaint against Coldwell Banker for failure to state a cause of action for fraud and granted twenty days to amend. Before the twenty-day period expired the plaintiffs filed a motion requesting twenty additional days within which to file an amended complaint, but they failed to set the motion for a hearing. No court order was ever issued granting the extension of time and no amended complaint was filed within the twenty-day extension period. A third amended complaint was eventually filed twenty-nine days after the time permitted by the trial court's order. Coldwell Banker moved for an involuntary dismissal with prejudice. Mintz filed an identical motion.
At the hearing on the motions to dismiss, the trial judge announced that he was granting Coldwell Banker's motion to dismiss with prejudice. He denied Mintz's motion. After that oral ruling counsel for the plaintiffs announced that he was taking a voluntary dismissal as against Coldwell Banker pursuant to Florida Rule of Civil Procedure 1.420(a) and, on that same day, filed a written notice of voluntary dismissal. Subsequently, the trial judge entered a written order of involuntary dismissal in regard to Coldwell.
It is contended here by the Freemans that their act of taking a voluntary dismissal of the fraud claim against Coldwell divested the trial court of jurisdiction to grant Coldwell's motion for involuntary dismissal. In support of the argument that an involuntary dismissal of the claim against Coldwell is erroneous the Freemans rely on Florida Rule of Civil Procedure 1.420(a)(1), which provides that:
[A]n action may be dismissed by plaintiff without order of court (i) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision... .
At common law the plaintiff had an absolute right to take a nonsuit, or dismissal without prejudice, at any time prior to the verdict. The policy reasons for this rule were that highly technical filing procedures often forced plaintiffs to take a nonsuit to preserve a meritorious claim and because transportation and communication difficulties often prevented witnesses, parties, and counsel from timely preparing for trial. Note, Plaintiffs' Absolute Right to Voluntary Dismissal: Legitimate Right or Abuse of Judicial Process? 36 U.Fla.L. Rev. 118, 121 (1984).
As the rules of pleading changed and modes of communication and transportation improved, courts, recognizing the unjust advantage given to plaintiffs, began qualifying plaintiffs' right to voluntary dismissal. The majority of jurisdictions have either eliminated or severely limited the right to voluntary dismissal. See Note, Expanded Right to Voluntary Dismissal Upheld, 30 U.Miami L.Rev. 1092, 1094 *609 (1976). Federal Rule of Civil Procedure 41, in keeping with the modern trend, restricts the plaintiff's right to take a voluntary dismissal to "anytime before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first." Fed.R.Civ.P. 41.
Notwithstanding the trend, the unqualified right to voluntary dismissal has been reconfirmed in Florida law. In Fears v. Lunsford, 314 So.2d 578, 579 (Fla. 1975), the supreme court held that the plaintiffs' right to take a voluntary dismissal was absolute and without the necessity of a court order. In that case the trial court had granted, outside the jury's presence, a directed verdict for the defendant. The court then granted the plaintiffs' request for a voluntary nonsuit. When the plaintiffs subsequently filed suit against the defendant, the trial court dismissed the case with prejudice ruling that suit was barred by the doctrine of res judicata. The district court affirmed. The Supreme Court of Florida held that a literal application of rule 1.420 permits the plaintiffs to take a voluntary dismissal at any time until the judge announces the directed verdict to the jury. Justice Overton, concurring in that decision, disagreed with the rule as written because of the results it produces, but wrote that it was the law in Florida and "[i]f we desire to make a change, we should do so in the rule." 314 So.2d at 580. See also Randle-Eastern Ambulance Serv. v. Vasta, 360 So.2d 68, 69 (Fla. 1978) (a voluntary dismissal deprives the trial court of the power to enter an order), clarified by, Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla. 1986); Gonzalez v. Mulreany, 375 So.2d 621 (Fla. 3d DCA 1979) (trial court lacked jurisdiction to enter judgment of directed verdict after plaintiff took voluntary dismissal).
When presented with a fact pattern similar to the instant case the Second District Court of Appeal held that when the plaintiff's attorney took a voluntary dismissal, even though the voluntary dismissal was taken after the trial judge orally announced that he was granting an involuntary dismissal, the trial court was divested of jurisdiction to enter its formal order. Ambory v. Ambory, 442 So.2d 1087 (Fla. 2d DCA 1983).
Under rule 1.420, as interpreted by the supreme court in Fears v. Lunsford, the Freemans are correct; the trial court was without jurisdiction to dismiss the case.
The second order appealed is the order striking the Freeman's third amended complaint against Mintz and denying leave to amend. Mintz moved to strike the third amended complaint on grounds that the plaintiffs amended the complaint and their claims against him without requesting or obtaining leave of court. That motion was granted. The plaintiffs contend that the trial judge abused his discretion in striking the third amended complaint against Mintz and denying them leave to amend. We disagree. Under Florida Rule of Civil Procedure 1.190(a), a party is permitted to amend a pleading "[o]nce as a matter of course at any time before a responsive pleading is served." If a responsive pleading has been served a party may amend a pleading only by leave of court or by written consent of the adverse party. Fla.R.Civ.P. 1.190(a). Because the Freemans never obtained leave of court to amend their allegations against Mintz, the court acted properly in striking the amended complaint.
It is well established that a trial court has broad discretion in granting or denying motions to amend pleadings, Feinman v. City of Jacksonville, 356 So.2d 50 (Fla. 1st DCA 1978), and a court may, for good reason, properly deny further leave to amend. Pinakatt v. Mercy Hospital, Inc., 394 So.2d 441 (Fla. 3d DCA 1981); Cem-A-Care of Fla., Inc. v. Automated Planning Systems, Inc., 442 So.2d 1048 (Fla. 4th DCA 1983) (a court's order on a motion to amend is subject to being influenced by the parties' past actions and inactions in the litigation). Exercise of that discretion is subject to reversal only if the party opposing the order demonstrates clear abuse.
The Freemans have failed to demonstrate an abuse of discretion. The trial court reasonably could have found, and obviously did find, that the Freemans' conduct *610 amounted to a flagrant disregard of their obligations as litigants to diligently prosecute the claim. However, there remains a question as to the intended effect of the court's denial of leave to file a third amended complaint on the still viable second amended complaint against Mintz. Mintz argues that the appeal from the order striking the third amended complaint amounts to an abandonment of the second amended complaint. The Freemans contend that it has no effect and that the second amended complaint is still alive. We agree with the Freemans on this point. The second amended complaint was never dismissed. Because leave was never given to file a third amended complaint, the second amended complaint was unaffected.
The third order of the trial court which the plaintiffs appeal grants a default and default judgment against the Freemans on Mintz's counterclaim for foreclosure. We reverse. The record shows that the answer to the counterclaim had been filed before the court heard Mintz's motion for a default judgment. A judgment for default was therefore improper. Crowder v. Oroweat Foods Co., 447 So.2d 1038 (Fla. 2d DCA 1984) (where answer was served before default was entered default judgment was improper); Fla.R.Civ.P. 1.500(c) ("A party may plead or otherwise defend at any time before default is entered.").
The order granting Coldwell Banker's motion for involuntary dismissal with prejudice is reversed; the order striking a third amended complaint against Mintz and denying leave to file a third amended complaint is affirmed; the final judgment entered by default against the Freemans on Mintz's counterclaim for foreclosure is reversed. The cause is remanded for further consistent proceedings.

ON MOTION FOR REHEARING
PER CURIAM.
The appellees' principal contention on motion for rehearing is that when the plaintiffs in the action below took a voluntary dismissal as to only one of two defendants, they attempted to "dismiss less than an entire action," a procedure not permitted under Florida Rule of Civil Procedure 1.420(a)(1). As the appellants correctly point out, Florida Rule of Civil Procedure 1.250(b) does permit a plaintiff to dismiss an action against one of several defendants.
As authority for their position, the appellees cite cases that hold that under Rule 1.420(a)(1) there can be no dismissal of less than all causes of action. Lauda v. H.F. Mason Equip. Corp., 407 So.2d 392 (Fla. 3d DCA 1981); Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976). Those cases, however, involved the dismissal of less than all counts in an action, unlike this case, which involves a dismissal of less than all parties.
It is settled law in Florida that a party may take a voluntary dismissal against one of several defendants without obtaining a court order. In Gonzalez v. Turner, 427 So.2d 1123 (Fla. 3d DCA 1983), we held that a plaintiff had a clear right under Rule 1.250 to dismiss her action against one of two defendants and the effect of the dismissal was to terminate the case as it related to the dropped defendant. The second district addressed this issue in Federal Insurance Company v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985), holding that "[o]nce a voluntary dismissal has been entered, the trial court is divested of in personam jurisdiction. If the voluntary dismissal is entered as to only one of several defendants, the court loses jurisdiction over the particular defendant." Fatolitis, 478 So.2d at 109 (citations omitted). The reason for this interpretation of the rules was explained by the second district in Hinton v. Iowa National Mutual Insurance Company, 317 So.2d 832 (Fla. 2d DCA 1975), cert. denied, 328 So.2d 842 (Fla. 1976). Under Rule 1.18, the predecessor of Rule 1.250, an adverse party could be dropped only by an order of the court. However, in 1968, Rule 1.18 was amended to become rule 1.250 which provides that "[p]arties may be dropped by an adverse party in the manner provided for voluntary dismissal of Rule 1.420(a)(1)... ." Subject to the exception stated in the rule, Rule 1.420(a)(1) simply *611 requires notice. Fatolitis, 478 So.2d at 109. See also Holman v. Ford Motor Co., 239 So.2d 40, 43 (Fla. 1st DCA 1970) (voluntary dismissal as to one of two defendants "is permissible in this jurisdiction").
Once the Freemans announced that they were taking a voluntary dismissal as against Coldwell Banker, the trial court was divested of jurisdiction over that defendant. Accordingly, the motion for rehearing is denied.