THREADGILL, Chief Judge.
Transportation Casualty Insurance Company (TCI) appeals a final judgment directing a verdict in favor of Suncoast Recycling and Transfer, Inc., and the other appellees. We reverse on the ground that the trial court lost jurisdiction when TCI filed a notice of voluntary dismissal.
Angel Indermeuhle was killed in an accident involving a Suncoast truck driven by its employee Richard E. Pracel. Her estate sued Suncoast, the driver, and Suncoast’s owner David Irwin for negligence. In a complaint for declaratory judgment, Suncoast’s insurer TCI contended that the truck was not covered by insurance because Pracel was not an approved driver at the time of the accident.
A non-jury trial began in the declaratory judgment action. After TCI had rested, the appellees moved for an involuntary dismissal. The trial court reserved ruling, and the appellees proceeded with their defense. During the appellees’ case, TCI announced it was voluntarily dismissing the declaratory action. The appellees objected on the ground that the dismissal was untimely because TCI had already rested. The trial court agreed and the trial continued. When the appellees had rested, they renewed their motion for an involuntary dismissal which the trial court then granted. TCI appealed.
TCI contends and we agree that the trial court erred in ruling that the voluntary dismissal was untimely. The trial court construed Florida Rule of Civil Procedure 1.420(a)[1] to require a plaintiff to enter a voluntary dismissal before resting its case. On the contrary, a plaintiff may enter a voluntary dismissal at any time before the case is submitted to the trier of fact for a determination. Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978); Fears v. Lunsford, 314 So.2d 578 (Fla.1975).
We therefore reverse the order denying the notice of voluntary dismissal. We need not address the issue of the directed verdict entered in favor of the appellees at the conclusion of the trial.
Reversed.
DANAHY and FRANK, JJ., concur.

. Rule 1.420 DISMISSAL OF ACTIONS (a) Voluntary Dismissal. (1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a non-jury case to the court for decision, or....