775 So.2d 383 (2000)
FLEET SERVICES CORPORATION, Appellant,
v.
Gary F. REISE, Appellee.
No. 2D99-4014.
District Court of Appeal of Florida, Second District.
November 29, 2000.
*384 Justin D. Jacobson of Jacobson Law Group, Plantation, for Appellant.
No appearance for Appellee.
NORTHCUTT, Judge.
Fleet Services Corporation challenges an order imposing sanctions against it, as well as a subsequent order dismissing its lawsuit against Gary F. Reise with prejudice. We reverse the latter order, and we conclude that our jurisdiction does not reach the former.
In his motion for sanctions Reise asked the court to strike Fleet Services' pleadings and its witness and exhibits lists. At the September 10, 1999 hearing on the motion the court orally announced that it would grant the motion, and it signed an order to that effect later in the day. On the same day, Fleet Services served a notice voluntarily dismissing its suit pursuant to Florida Rule of Civil Procedure 1.420(a)(1). On September 14 the circuit court rendered an order purporting to dismiss the action with prejudice.
This last order must be reversed because Fleet Services' voluntary dismissal terminated the suit and deprived the court of jurisdiction to later dismiss the case with prejudice. See Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA 1988); Ambory v. Ambory, 442 So.2d 1087 (Fla. 2d DCA 1983).
For much the same reason, we lack jurisdiction to review the September 10 sanctions order. Other than as provided in Florida Rule of Appellate Procedure 9.130, which is inapplicable here, a party may seek review of a nonfinal order only when appealing the ensuing final judgment or by petitioning for a writ of certiorari. See R D & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993). Here, Fleet Services' notice of voluntary dismissal aborted the lawsuit before rendition of a final judgment on which our appellate jurisdiction could be predicated, and it did not timely petition for a writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.100. Both as a practical matter and as a jurisdictional matter, the sanctions order was rendered moot. Consequently, we dismiss that portion of the appeal.
Reversed in part; dismissed in part.
PATTERSON, C.J., and SALCINES, J., Concur.