857 So.2d 273 (2003)
FLEET SERVICES CORP., Appellant,
v.
Gary F. REISE, Appellee.
No. 2D02-585.
District Court of Appeal of Florida, Second District.
September 12, 2003.
Rehearing Denied October 23, 2003.
*274 Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellant.
Bradley W. Lang, Sarasota, for Appellee.
DAVIS, Judge.
Fleet Services Corp. (Fleet) challenges the circuit court order awarding Gary Reise $18,134.50 in attorney's fees and costs. We affirm the trial court's determination that Reise is entitled to the award of fees and costs but reverse as to the amount awarded. While Fleet raises other issues on appeal, we decline to address them because we conclude that they have no merit.
The award of fees and costs arises from litigation in which Fleet attempted to collect on a promissory note that Reise allegedly executed in favor of People's Bank. Although Fleet alleged that it had acquired the promissory note, Fleet did not attach a copy of the note to its complaint. Rather, Fleet attached a copy of a credit application Reise had signed, along with a document entitled "Credit Line Agreement Supplemental Schedule A," both of which bore the letterhead of People's Bank. The credit application included the following language: "I/we understand that I/we must pay the bank any expenses it incurs in collecting what I/we owe it, to the extent permitted by law, and that this includes reasonable attorney's fees and court costs, if the bank sues me to collect." In its complaint, Fleet requested attorney's fees, alleging that Reise had contractually agreed to pay the costs of collection, including reasonable attorney's fees. Reise's answer denied all allegations but venue, requested dismissal with prejudice, and asked for attorney's fees pursuant to section 57.105, Florida Statutes (1997).
Admitting that he had made no payments to Fleet, Reise consistently denied having any knowledge of the note or having any relationship with Fleet. After eleven months of discovery, the trial court granted Reise's motion to strike Fleet's pleadings as a sanction against the conduct of Fleet's attorney.[1] Immediately, Fleet filed a notice of voluntary dismissal. However, the trial court sua sponte entered a final order of dismissal with prejudice, *275 finding that because the earlier order striking the pleadings had effectively dismissed the complaint, there was no complaint left for Fleet to voluntarily dismiss. Fleet appealed both the order striking the pleadings and the final order of dismissal. This court determined that Fleet's voluntary dismissal both divested the trial court of jurisdiction and rendered moot Fleet's appeal of the order striking its pleadings. See Fleet Servs. Corp. v. Reise, 775 So.2d 383 (Fla. 2d DCA 2000). Accordingly, this court reversed the dismissal with prejudice for lack of jurisdiction and dismissed as moot the appeal of the imposed sanction. Id.
During the pendency of the appeal, Reise moved for attorney's fees and costs. However, because the appeal was still pending, the trial court ruled the motion premature. At the conclusion of the appeal, Reise again moved for fees, alleging that the provisions of the contested documents and section 57.105 provided the basis for his recovery. The trial court granted Reise's motion and subsequently entered a judgment against Fleet in the amount of $18,134.50; Fleet appeals that award.
We initially note that the trial court was correct in finding that Reise was entitled to an award of attorney's fees. When Fleet filed its voluntary dismissal, Reise became entitled to an award of "costs" pursuant to Florida Rule of Civil Procedure 1.420(d). The Florida Supreme Court has held that when an agreement between the parties provides that the term costs includes attorney's fees, such fees are taxable pursuant to rule 1.420(d). See Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993). The parties' agreement here, as contained in the credit application that Fleet attached to its complaint, defines "expenses" incurred in collection as including court costs and reasonable attorney's fees. Furthermore, Fleet's complaint alleged that pursuant to the language of the agreement, Reise had contractually obligated himself to pay attorney's fees. Although this agreement specifically provides that only the borrower is obligated to the bank, section 57.105(2) renders such an agreement reciprocal in application. Since Fleet voluntarily dismissed its action, the merits of the action were not reached and the validity of the obligations was not determined. Accordingly, pursuant to rule 1.420(d), Fleet is obligated to pay costs, which are defined by the agreement to include attorney's fees.
Reise concedes that the trial court erred in determining the amount of the fees awarded by including fees incurred after entry of the April 26, 2001, order determining his entitlement to fees. See Barron Chase Sec., Inc. v. Moser, 794 So.2d 649 (Fla. 2d DCA 2001). We agree that the fees incurred after that date were improperly assessed because the sole issue that remained after April 26, 2001, was the amount of the fees. Based on this miscalculation, Reise suggests that the final judgment on fees be modified to reflect an award of $14,194.50 plus interest.
Fleet, however, argues that a further reduction is appropriate. It maintains that the fee agreement between Reise and his attorney provided:
I authorize you to do and perform all acts on my behalf only through trial, final hearing and final judgment. This does not include appeals, modifications of any final orders, or any other post-judgment proceedings.
Based on this agreement, Reise's attorney refused to represent Reise in Fleet's appeal of the dismissal with prejudice because Reise did not have the money to pay for the appeal. Upon completion of the appeal, Reise again contacted his attorney *276 and asked him to "go ahead and finish this, so you can get paid." Fleet argues that this statement did not amount to either an oral employment contract or an oral extension of the written fee agreement. Fleet therefore maintains that Reise was not obligated for attorney's fees for services performed after the entry of the final order of dismissal and that the trial court erred in awarding fees for those services.
If a client is not obligated to pay his attorney for work performed, the attorney is not entitled to collect any fees incurred in an effort to obtain an order of entitlement to fees. Moore v. Excal Enters., Inc., 769 So.2d 1062 (Fla. 2d DCA 2000). Whether an obligation to pay exists is a factual determination. Here, the testimony of Reise's attorney regarding the oral agreement is susceptible of more than one understanding. However, we cannot say that the trial court abused its discretion in finding that the conversation obligated Reise to pay the additional attorney's fees. Thus, we affirm as to the trial court's determination that fees should be awarded for the services rendered in litigation of the entitlement to fees issue.
Accordingly, we affirm the trial court's judgment awarding Reise attorney's fees for services rendered up until the entry of the April 26, 2001, order. However, we reverse the amount of the fees awarded by the final judgment and remand for modification of the amount consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] The specific nature of that conduct is irrelevant to this analysis.