978 So.2d 881 (2008)
FIRST PROTECTIVE INSURANCE COMPANY, Appellant,
v.
Hisako FEATHERSTON and Catherine Thornhill, individually and as parent and natural guardian of Hannah Elizabeth Thornhill, a minor, Appellees.
No. 2D06-5445.
District Court of Appeal of Florida, Second District.
April 18, 2008.
Caryn L. Bellus and Kubicki Draper, Miami, for Appellant.
Raymond T. Elligett, Jr., of Buell & Elligett, P.A., Tampa, for Appellee Hisako Featherston.
Lee D. Gunn, IV, and Scott A. Arthur of Gunn Law Group, P.A., Tampa, for Appellee Catherine Thornhill.
EN BANC
CANADY, Judge.
In this case we consider whether a litigant's failure to plead entitlement to costs constitutes a waiver of the litigant's right to file a motion seeking costs at the conclusion of the litigation. Pursuant to Florida Rule of Appellate Procedure 9.331(a) and (c), the court on its own motion has ordered en banc consideration of this case. For the reasons we explain, we hold that litigants are not required to claim entitlement to costs in their pleadings.
At issue here is the circuit court's order denying appellant First Protective Insurance Company's motion to tax costs, which was filed after entry of judgment in a declaratory judgment action instituted by First Protective against the appellees. In the declaratory judgment action, First Protective prevailed in obtaining a declaration that the homeowner's liability insurance policy it issued did not provide the coverage claimed by the appellees. See First Protective Ins. Co. v. Featherston, 906 So.2d 1242 (Fla. 2d DCA 2005). In its motion to tax costs, First Protective asserted an entitlement to costs pursuant to section 57.041, Florida Statutes (2005), and Florida Rule of Civil Procedure 1.525.
The appellees argued to the trial court that First Protective's failure to plead entitlement *883 to costs foreclosed an award of costs. It was undisputed that First Protective had not asserted a claim for costs in its complaint. First Protective argued that there is no requirement that entitlement to costs be asserted as a claim in the pleadings. The trial court accepted the appellees' argument on this point and entered the order denying the motion to tax costs. In support of the denial of costs, the trial court's order cited two cases: Stockman v. Downs, 573 So.2d 835 (Fla. 1991), and Mook v. Mook, 873 So.2d 363 (Fla. 2d DCA 2004).
Stockman, 573 So.2d at 837-38, held "that a claim for attorneys fees, whether based on statute or contract, must be pled" and that the "[f]ailure to do so constitutes a waiver of the claim" for fees. In reaching this decision, the court rejected the numerous "decisions of the district courts of appeal [which] held that it is unnecessary to plead for attorney's fees authorized by statute," id. at 836, as well as those cases which had allowed "recovery of attorney's fees pursuant to a contract even though the claimant did not plead entitlement to such fees," id. at 837. The Stockman court based its decision on the need for appropriate notice:
The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney's fees only after judgment fails to serve either of those objectives. The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. . . . A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him.
Id. (citation omitted).
In Mook, 873 So.2d at 365, we reversed the award of attorney's fees and costs to the husband in a dissolution action "because the Husband never pleaded entitlement to attorney's fees or costs." The analysis in Mook is based entirely on the reasoning of Stockman with respect to claims for attorney's fees. There is no indication in Mook that the husband suggested that costs should be treated differently than attorneys' fees.
Contrary to the appellees' argument, we conclude that the rationale articulated in Stockman for requiring that litigants plead entitlement to attorney's fees should not be applied to impose a similar requirement with respect to costs. Accordingly, we recede from Mook to the extent it is inconsistent with our holding here.
In Globe Auto Imports, Inc. v. Golden, 567 So.2d 899, 900 (Fla. 2d DCA 1990), we held that the failure of a party to assert a claim for costs in the pleadings did not preclude an award of costs to that party. In support of our holding on this point, we cited Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 442 (Fla. 5th DCA 1990), which held that under section 57.041, a trial judge does not have "discretion to deny recovery of costs to the prevailing party." Oriental Imports recognized that under section 57.041, "`every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs.'" 559 So.2d at 443 (quoting Governing Bd. of St. Johns River Water Mgmt. Dist. v. Lake Pickett Ltd., 543 So.2d 883, 884 (Fla. 5th DCA 1989)).
The holding of Globe Auto Imports is consistent with the principle recognized by the supreme court in State ex rel. Royal Insurance Co. v. Barrs, 87 Fla. 168, 99 So. 668, 669 (1924), that costs which are recoverable "as an incident to the main adjudication are ordinarily not required to be *884 specifically claimed in the pleadings." See also Dep't of Health & Rehabilitative Servs. v. Crossdale, 585 So.2d 481, 483 (Fla. 4th DCA 1991) ("Costs are quite simply part of general relief. All pleadings are understood to pray for general relief and are construed to do substantial justice."); Arellano v. Bisson, 761 So.2d 365, 366 (Fla. 3d DCA 2000) (quoting Crossdale); Philip J. Padovano, Florida Civil Practice § 13.3, at 469 (2007) ("Because the costs are an incident of the proceeding itself, there is no need to plead a claim for costs to preserve the right to recover at the time of the judgment.").
In Estate of Brock, 695 So.2d 714, 716 (Fla. 1st DCA 1996), a case involving probate proceedings, the First District considered whether the "rule on attorney's fees pronounced in Stockman . . . should be construed as applying equally to cost awards." The appellant argued that the award of costs to the appellee was precluded because the appellee did not request costs from the appellant in the petition originally filed by the appellee. The court stated that the appellant had "failed to provide either statutory or case law holding that costs may not be awarded in probate litigation unless pled" and that the court's "independent research [had] not disclosed authority for this proposition." Id. The court stated that "[g]enerally, costs are considered an incident to the action and need not be claimed in the pleadings." Id. The Brock court thus rejected the application of Stockman to claims for costs.
In considering the appropriate pleading requirements, there is a material difference between attorney's fees and costs. Unlike costs, ordinarily attorney's fees are not recoverable and thus are not at issue. There is no generally applicable statute which entitles a prevailing party to a recovery of attorney's fees. Accordingly, where there is a statutory or contractual basis for an award of attorney's fees, proper pleading requires that a party seeking attorney's fees put the other party or parties on notice that attorney's fees are at issue in the litigation.
Under section 57.041, the recovery of costs is generally available to any "party recovering judgment." This general provision may be displaced by context-specific statutory costs provisions. For example, in declaratory judgment proceedings, section 86.081, Florida Statutes (2005), provides that "[t]he court may award costs as are equitable." And in dissolution cases, section 61.16, Florida Statutes (2005), provides that "a reasonable amount" may be awarded for the costs of a party "after considering the financial resources of both parties." Although the standard for the award of costs may  based on specific statutory provisions  vary from the general standard set forth in section 57.041, it is universally true that costs are at issue when a lawsuit is brought. The availability of a recovery of costs is part of the warp and woof of litigation. Every party to litigation enters the litigation on notice that costs are at issue. Given this reality, it is unnecessary to require that litigants assert a claim for costs in the pleadings.[1]
We therefore conclude that the trial court erred in its denial of the motion to tax costs. On remand, the trial court shall determine the issue of costs under section 86.081, which governs the award of costs in *885 declaratory judgment actions. The circumstance that First Protective's motion to tax costs made reference to section 57.041  which is not applicable in the context of a declaratory judgment action  rather than to section 86.081, does not preclude an award of costs under the governing statutory provision. See Wilson Ins. Servs. v. W. Am. Ins. Co., 608 So.2d 857, 858 (Fla. 4th DCA 1992); Hemmerle v. Bramalea, 547 So.2d 203, 204 (Fla. 4th DCA 1989).
The trial court's order is reversed, and the case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT, C.J., and ALTENBERND, FULMER, WHATLEY, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, KELLY, VILLANTI, and LaROSE, JJ.,[2] Concur.
NOTES
[1] Our conclusion on this point is supported by the omission of a prayer for recovery of costs from all the form complaints in the Florida Rules of Civil Procedure. Rule 1.900(b) provides that these form complaints "are sufficient for the matters that are covered by them." None of the form complaints contains any reference to costs. See Fla. R. Civ. P. 1.932-1.951.
[2] Judge Wallace is recused from this case.