IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

January 30, 2015

| | | |
|---|---|---|
| TERRY L. CREAMER and DIANA L. CREAMER, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | CASE NO. 2D12-2304 |
| BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, | ) ) ) ) | |
| Appellee. | ) ) ) | |

BY ORDER OF THE COURT:

Upon consideration of Appellants' motion for rehearing, Appellee's motion for rehearing, and motion for leave to appear as Amicus Curiae for purposes of rehearing filed by the Ticktin Law Group, P.A.,

IT IS ORDERED that the Appellants' motion for rehearing is denied; Appellee's motion for rehearing is granted; and the motion for leave to appear filed by the Ticktin Law Group, P.A., is denied. In order to address an issue raised in the Appellants' motion for rehearing, we are withdrawing the prior opinion dated August 29, 2014, and the attached opinion is substituted therefor. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


JAMES R. BIRKHOLD, CLERK

cc: Richard K. Kosan, Esq.
     H. Michael Muniz, Esq.
     Timothy Quinones, Esq.
     Clerk of Court

TERRY L. CREAMER and DIANA L.          )
CREAMER,                                )
                                        )
            Appellants,                 )
                                        )
v.                                      )          Case No. 2D12-2304
                                        )
BAC HOME LOANS SERVICING, LP f/k/a      )
COUNTRYWIDE HOME LOANS SERVICING,       )
LP,                                     )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed January 30, 2015.

Appeal from the Circuit Court for Polk County;
M. Michael Hunter, Judge.

Richard R. Kosan, Brandon, for Appellant.

H. Michael Muniz of Kahane & Associates,
P.A., Plantation, for Appellee.


DAVIS, Chief Judge.

            Terry and Diana Creamer challenge the denial of their motion for costs

and expenses following the dismissal of the foreclosure action brought against them by

BAC Home Loans Servicing.  We affirm the denial of the motion in regard to the request

for attorney's fees and the anticipated costs associated with determining the amount of

those fees.  We reverse and remand only regarding the remaining costs requested.

BAC voluntarily dismissed the foreclosure action it filed when the parties reached a settlement. Following this voluntary dismissal, the Creamers filed a motion for costs and expenses pursuant to Florida Rule of Civil Procedure 1.420. Within this motion, the Creamers also requested attorney's fees.[1] BAC objected, arguing that there was no prevailing party to which attorney's fees could be awarded because the voluntary dismissal occurred as part of a settlement agreement between the parties. At the hearing on this motion, the parties addressed whether the settlement agreement contemplated the voluntary dismissal as part of its terms and whether the motion sought costs that included attorney's fees pursuant to rule 1.420(d) or sought attorney's fees under the prevailing party provisions of section 57.105(7), Florida Statutes, and the mortgage agreement. The Creamers' attorney argued that he was entitled to attorney's fees as a cost as defined by the terms of the mortgage, while BAC argued that attorney's fees were only requested, and were only available, through section 57.105(7). Following this hearing, the trial court denied the motion.

On appeal the Creamers argue that under rule 1.420(d) the trial court could not, as a matter of law, make a determination as to a party's entitlement to costs, but the Creamers acknowledge that any determination regarding the amount of costs incurred is within the trial court's discretion under the rule. The Creamers rely on Wilson v. Rose Printing Co., 624 So. 2d 257 (Fla. 1993), to assert that the judicial discretion in rule 1.420(d) only applies to determinations of amount and for the proposition that

---

[1]The only cost sought by the Creamers other than the inclusion of the request for attorney's fees is the $85 cost of a court reporter for a summary judgment hearing that was incurred prior to the settlement and the voluntary dismissal. The Creamers also anticipated a cost of $750 for bringing in an expert to testify as to the reasonableness of the costs incurred as attorney's fees.

where the parties have contractually defined costs to include attorney's fees, such fees are awardable as costs under rule 1.420(d).

But an examination of the relevant portions of the instant note and mortgage indicates that the parties did not contractually define costs to include attorney's fees. In Wilson, the contract referred to "all costs incurred, including reasonable attorney's fees for such litigation and any subsequent appeals," id. at 258, whereas the instant mortgage stated that the "[l]ender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Additionally, the costs provision of the note executed by the Creamers further makes the distinction between costs and expenses such as attorneys' fees by stating that the "Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees." Where the language of the parties' agreements do not define fees as costs, the trial court is correct to deny the award of fees sought as costs pursuant to rule 1.420(d). See Lopez v. Bank of Am., N.A., 2014 WL 1245609, *1 (Fla. 2d DCA Mar. 26, 2014) ("In Wilson, . . . the supreme court observed that the contractual prevailing party requirement was irrelevant because Rose Printing was seeking fees as part of its recoverable costs under rule 1.420(d), not under the contract's fee provision. This was made possible because the parties' contract included attorney's fees in its definition of costs." (emphasis added) (citation omitted)); cf. Indem. Ins. Co. of N. Am. v. Chambers, 732 So. 2d 1141, 1143 (Fla. 4th DCA 1999) ("[T]he trial court erred in determining that the provision for prevailing party attorney's fees in the underlying rental contract included attorney's fees incurred in the event of liability for personal or property

- 3 -

damage. The contract provided for attorney's fees for collection of charges due under the agreement; the term 'charges,' in this contract, clearly did not include costs of reimbursement for personal injury or property damages caused by the renter.").[2]

Because the written agreements in the instant case refer to costs and attorney's fees separately, the trial court properly denied the request for attorney's fees under rule 1.420. This remains true regardless of the other arguments regarding prevailing parties and preservation debated at the hearing and raised in the parties' briefs before this court. Accordingly, we affirm the portion of the order denying the request for attorney's fees based on Wilson. But we also note that although issued after the hearing in the instant case, this court's holding in Lopez further precludes the award of attorney's fees to the Creamers under rule 1.420(d) because their pro se answer to the foreclosure complaint did not plead an entitlement to such attorney's fees. See 2014 WL 1245609 at *2-3.

---

[2]We acknowledge some similarity between the language used in the Creamer mortgage and that found in the agreement in Fleet Services Corp. v. Reise, 857 So. 2d 273 (Fla. 2d DCA 2003). In that case, the credit application at issue between the parties stated that "I/we understand that I/we must pay the bank any expenses it incurs in collecting what I/we owe it, to the extent permitted by law, and that this includes reasonable attorney's fees and court costs, if the bank sues me to collect." Id. at 274. The trial court announced its intention to dismiss Fleet's complaint as a sanction against the attorney, and Fleet immediately filed a notice of voluntary dismissal. Reise then sought attorney's fees pursuant to section 57.105(2), Florida Statutes (1997). This court affirmed the awarding of the fees based on the terms of the contract and the reciprocal provision of section 57.105(2). Although the holding in Fleet seems to read the term expenses as broadly equivalent to costs and might thereby be considered applicable to the instant case, we conclude that Fleet is not controlling. Unlike Fleet, the agreement of the parties as expressed in the instant note clearly distinguishes between the terms costs and expenses and expressly defines expenses, but not costs, to include attorney's fees. However, to the extent that the language of Fleet could be read to suggest that the term expenses in a contract may be read as a synonym for the word costs under rule 1.420, such language may be overly broad and is worthy of further consideration in the appropriate case.

Our affirmance on this issue makes the need for the recovery of the anticipated $750 costs associated with the expert testimony regarding the reasonableness of the fees incurred unnecessary. However, at the hearing on the motion for costs, the Creamers argued that they were entitled under rule 1.420 to the recovery of the requested $85 in court reporter costs. The trial court's order does not address that item of costs but rather denies all costs, seemingly only on the basis of the rule 1.420 attorney's fee issue. Accordingly, we reverse the denial of the entitlement to the $85 cost and remand for the trial court to consider the Creamers' entitlement to this cost and its amount.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and BLACK, JJ., Concur.