# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0850
Lower Tribunal No. 19-13416 CC
_____

**Louis Carambot, et al.,**
Appellants,

vs.

**Lizet Moncion, et al.,**
Appellees.

An appeal from the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

Victor K. Rones, P.A. and Victor K. Rones, for appellants.

No appearance for appellees.[1]

Before EMAS, LOGUE, and MILLER, JJ.

---

[1] By order of the court, appellees were precluded from filing an answer brief for failure to timely file same.

MILLER, J.

In this landlord-tenant dispute, appellants challenge an amended final judgment rendered following a nonjury trial. In the judgment, the trial court denied their motion for attorney's fees and costs, ostensibly on the basis they were not prevailing parties because their recovery was limited to the negligible amount of claimed damages conceded by appellees at the trial. Given the broad discretion afforded to the trial court in determining which party prevailed on the significant issues in the litigation, we decline to disturb the denial of fees. See Skylink Jets, Inc. v. Klukan, 308 So. 3d 1048, 1051 (Fla. 4th DCA 2020); Sidlow v. Bowles Custom Pool & Spas, Inc., 32 So. 3d 722, 722 (Fla. 5th DCA 2010); Prosperi v. Code, Inc., 626 So. 2d 1360, 1363 (Fla. 1993). An award of costs, however, was required because appellants recovered judgment. See § 57.041(1), Fla. Stat. (2021) ("The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment . . . ."); Arellano v. Bisson, 761 So. 2d 365, 366 (Fla. 3d DCA 2000) (noting that, under section 57.041, Florida Statutes, entitlement to costs "is conditioned solely on recovering a judgment"); Governing Bd. of St. Johns River Water Mgmt. Dist. v. Lake Pickett Ltd., 543 So. 2d 883, 884 (Fla. 5th DCA 1989) ("[S]ection 57.041 mandates that every party who recovers a judgment in a legal proceeding is

2

entitled as a matter of right to recover lawful court costs and that a trial judge has no discretion under that statute to deny court costs to the party recovering judgment."); First Protective Ins. Co. v. Featherston, 978 So. 2d 881, 883 (Fla. 2d DCA 2008) (same).  Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.