# Third District Court of Appeal

## State of Florida

Opinion filed November 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1555
Lower Tribunal No. 23-13572
_____


**Fernando Dimas Pettineroli,**
Appellant,

vs.

**Emily Joy Pettineroli,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Fernando Dimas Pettineroli, in proper person.

Davis Smith & Jean, LLC, and Sonja A. Jean, for appellee.


Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Fernando Dimas Pettineroli, the husband, appeals from a final order dismissing a petition for dissolution of marriage filed by appellee, Emily Joy Pettineroli, the wife. In the underlying proceedings, the wife filed the petition, seeking dissolution and equal timesharing with the two minor children born of the marriage. The wife further filed a proposed marital settlement agreement, which accounted for equitable distribution and the requested timesharing. The husband filed an answer, waiver, and request for copy of final judgment of dissolution of marriage.

Approximately one month later, the wife voluntarily dismissed her petition. The husband immediately objected on the grounds that he had complied with all monetary terms in the proposed marital settlement agreement in anticipation of the entry of a final judgment of dissolution and ratification of the agreement. He later amended his objection to allege additional supporting facts and filed a motion for default against the wife.

The trial court entered an order ratifying the voluntary dismissal and closing the case. This appeal ensued. On appeal, the husband raises the same grounds he asserted in his amended objection to the voluntary dismissal.

Voluntary dismissals in dissolution proceedings are governed by Florida Family Law Rule of Procedure 12.420, the family law counterpart to

Florida Rule of Civil Procedure 1.420. Under the rule, a plaintiff is authorized to voluntarily dismiss a case by serving a "notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision . . . ." Fla. Fam. L. R. P. 12.420(a)(1)(A). With few exceptions, our courts have "long construed the plaintiff's right to take a [timely] voluntary dismissal to be 'absolute.'" Pino v. Bank of N.Y., 121 So. 3d 23, 31 (Fla. 2013) (quoting Fears v. Lunsford, 314 So. 2d 578, 579 (Fla. 1975)). But of course, "a voluntary dismissal cannot serve to prejudice a pending counterclaim." Tien v. Est. of Tien, 337 So. 3d 107, 109 (Fla. 3d DCA 2021).

Here, the wife voluntarily dismissed her petition in compliance with the limitations set forth in rule 12.420. See Fla. Fam. L. R. P. 12.420(a)(1)(A). The husband had not filed a counterpetition and the trial court had yet to ratify the proposed marital settlement agreement. Under these circumstances, the wife was authorized by rule to abandon her effort to dissolve the marriage, and "[t]he trial court ha[d] no authority or discretion to deny the voluntary dismissal." Pino, 121 So. 3d at 31. Accordingly, "[t]he dismissal [was] effective upon service." Id.

3

We are therefore compelled to affirm the final order under review.  In doing so, we note that our decision should not be construed as barring the husband from pursuing any separate action.

Affirmed.