# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1547
Lower Tribunal No. 16-4062

_____

**Wade K. Semerena, etc.,**
Appellant,

vs.

**Aetna Health, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Lyons & Farrar, P.A., and Marsha L. Lyons, Douglas S. Lyons and Matthew Leon (Tallahassee); Barbara C. McCauley, for appellant.

Hahn Loeser & Parks, LLP and Robert J. Fogarty (Cleveland, Ohio); Gray Robinson, P.A. and Shari Gerson (Ft. Lauderdale), for appellee.

Before LAGOA, SALTER and FERNANDEZ, JJ.

FERNANDEZ, J.

Wade K. Semerena ("Semerena") appeals the trial court's order dismissing his second amended complaint with prejudice and raises several issues on appeal, only one of which merits discussion. Semerena, a retired professor from Miami

Dade College ("College") sued Aetna Health, Inc., ("Aetna") for damages arising from the health insurance policy obtained as a result of his employment with the College. Aetna moved to dismiss the second amended complaint with prejudice and a hearing on the motion was heard on February 17, 2017. The trial court granted the motion and dismissed the second amended complaint with prejudice, although no order was entered at the conclusion of the hearing. Instead, the trial court ordered Aetna's counsel to submit a proposed order. A few hours after the hearing, and after the oral pronouncement of the trial court's decision, Semerena filed a notice of voluntary dismissal, pursuant to Florida Rule of Civil Procedure 1.420(a)(1).[1]

On February 21, 2017, despite the filing of the notice of voluntary dismissal, the trial court entered an order, *nunc pro tunc* to 8:40 am on February 17, 2017, dismissing the second amended complaint with prejudice. Subsequent to the entry of the dismissal order, Semerena filed a motion for clarification and reconsideration, as well as a motion for leave to amend the second amended complaint. The trial court denied those motions.

---

[1] Florida Rule of Civil Procedure 1.420(a)(1) provides, in pertinent part: "Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision . . . ."

2

As codified in Florida Rule of Civil Procedure 1.420(a)(1), the plaintiff has a right to take a voluntary dismissal without further order of the court. We recognized that right in <u>Freeman v. Mintz</u>, 523 So. 2d 606 (Fla. 3d DCA 1988), a case procedurally identical to the present appeal on the issue of voluntary dismissal. The right of voluntary dismissal is circumscribed by certain factors not present in this case. Upon the filing of the notice of voluntary dismissal, the trial court lost jurisdiction and was without authority to enter the order of dismissal and all orders that followed pertaining to the plaintiff's subsequent motion for clarification and reconsideration, and on its motion for leave to file a third amended complaint. <u>Id.</u> at 609. Aetna asks us to create an exception to the right of voluntary dismissal to allow a trial court to enter an order of dismissal, *nunc pro tunc* to the oral pronouncement, even after a notice of voluntary dismissal has been filed, as permitted by the rule. We decline the invitation and reverse the order of dismissal and all orders entered subsequent to the filing of the notice of voluntary dismissal.

Reversed.