# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0274
Lower Tribunal No. 22-1190
_____

**John Grommers,**
Petitioner,

vs.

**Fabiana Correa Pla, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Crabtree & Auslander and John G. Crabtree, Charles M. Auslander and Brian C. Tackenberg, for petitioner.

Law Offices of Geoffrey B. Marks and Geoffrey B. Marks, for respondent Fabiana Correa Pla.

Before SCALES, MILLER and LOBREE, JJ.

PER CURIAM.

Petitioner, John Grommers, seeks to quash the trial court's January

25, 2023 order entered after he voluntarily dismissed his petition seeking to be appointed as guardian of the person in the underlying guardianship proceeding concerning a minor ward. The order at issue reduced to writing the trial court's rulings on Grommers' and the respondent's various motions heard at a December 14, 2022 hearing. Shortly after the hearing, but before the trial court entered its order, Grommers voluntarily dismissed without prejudice all petitions he filed in the guardianship case.[1] Grommers contends that after he did so, the trial court was without authority to enter this order. We agree and quash the order.

"As a general rule, the effect of a plaintiff's announcement of a voluntary dismissal is 'immediate, final, and irreversible . . . .'" Two Islands Dev. Corp. v. Clarke, 239 So. 3d 115, 124–25 (Fla. 3d DCA 2018) (quoting Kelly v. Colston, 977 So. 2d 692, 694 (Fla. 1st DCA 2008)). A voluntary dismissal operates, with the exception of certain limitations not applicable here, to terminate the trial court's jurisdiction over the matter. See id.; Semerena v. Aetna Health, Inc., 248 So. 3d 230, 231 (Fla. 3d DCA 2018); Rabello v. Alonso, 927 So. 2d 45, 46 (Fla. 3d DCA 2006); see also Monteagudo v. Cimbler, 306 So. 3d 337, 338 (Fla. 3d DCA 2020). Even

---

[1] Guardianship proceedings remain ongoing below as to other parties. Respondent takes no position on the issue herein.

2

where a plaintiff or petitioner files a notice of voluntary dismissal after the trial court orally announces a ruling at a hearing, the trial court acts in excess of its jurisdiction when it subsequently enters a written order of its ruling. Two Islands Dev. Corp., 239 So. 3d at 125; Semerena, 248 So. 3d at 231. Thus, Grommers' voluntary dismissal terminated his action, and the trial court was thereafter divested of jurisdiction to "memorialize" its December 22nd rulings in the January 25th order.

Because the trial court exceeded its jurisdiction in entering the January 25th order, we grant the petition for certiorari and quash the order. Geico Gen. Ins. Co. v. Rodriguez, 151 So. 3d 554, 554 (Fla. 5th DCA 2014) ("Certiorari is the appropriate remedy to quash an order issued in excess of the lower tribunal's jurisdiction."); State v. Futch, 979 So. 2d 1215 (Fla. 3d DCA 2008) (granting petition for writ of certiorari and quashing order on review because trial court had no jurisdiction to enter order); Hudson v. Hoffman, 471 So. 2d 117 (Fla. 2d DCA 1985) (same); cf. Valdez v. Chief Judge of Eleventh Jud. Cir. of Fla., 640 So. 2d 1164, 1165 (Fla. 3d DCA 1994) ("Because the petition alleges that the chief judge exceeded his jurisdiction in promulgating the instant administrative order, certiorari is an appropriate remedy and we have jurisdiction.").

Petition granted; order quashed.